Joaquín Mariño, Appellant, v. Registrar of Property of San Juan (Second Section), Respondent.

No. 751. Submitted March 7, 1929.—Decided January 17, 1930.

E. Campillo, for appellants. The registrar appeared by brief.

Mr. Justice Texidor delivered the opinion of the court.

Joaquín Mariño instituted an action in the District Court of San Juan against Justo Cabrera. Within the same action and pursuant to a motion filed to secure the effectiveness of the judgment that might be rendered, an attachment was levied on a property located in Río Piedras. On presentation of the writ of attachment for record in the registry of property, the registrar refused to record it on the following ground:

"The record or the notice of attachment, to which the foregoing writ refers, is denied because the property sought to be attached appears recorded in the name of Celestino López Rivera, a person other than defendant Justo Cabrera, and a cautionary notice is entered instead for one hundred and twenty days, etc."

Celestino López Rivera is not a party to the action in which the present attachment was decreed. He has not been heard or given an opportunity to defend himself, and his property is attached without affording him an opportunity to oppose the levy of the attachment.

The registrar has but complied with the provisions of the fourth paragraph of section 20 of the Mortgage Law, which reads as follows:

"If such interest is recorded in favor of a person other than the one making the conveyance or placing the encumbrance, registrars shall deny the record requested."

An existing record in favor of such other person is an insurmountable obstacle.

The plaintiff, as previously stated, is not claiming in the present action the ownership of the attached property, or the constitution, modification, declaration or extinction of any real right (*derecho real*) therein. Subdivision 1 of section 42 is not applicable to the case at bar. As regards subdivision 2 of the same section, it requires that a writ of attachment should first have been obtained and levied on real property of the debtor. The real property against which the attachment is directed in the present case belongs to a third person, who is not the defendant debtor.

We are cited to the case of *González* v. *Registrar*, 38 P. R.R. 765. But the case at bar is different. In the cited case a non-emancipated minor and son of the defendant debtor, was made to appear as acquiring property by a deed without any showing that "the purchase price proceeded from funds not furnished by his father, who was alive and in the exercise of the *patria potestas* over his said minor child." (See opinion in the case, p. 766.) Section 226 of the Civil Code was there cited, and likewise the presumption favored by the Spanish jurisprudence. Section 42 of the Mortgage Law was quoted, and in connection therewith it was said:

"Under this section a creditor who seeks to set aside a fraudulent conveyance or to make a claim that the property of one person belongs to another has a right to an annotation as defined therein. The annotation settles nothing; it is merely notice to all the world that the creditor is claiming a right."

In the case at bar there is no presumption whatever sim-

ilar to that involved in the cited case. No fraudulent conveyance is sought to be set aside, nor is there any claim made that the property belongs to the defendant and not to the registered owner.

As a matter of interest we note that the property in question appears to have been sold to Celestino López Rivera by deed of June 12, 1928, according to the appellant, and the attachment is dated November 27 of the same year.

The decision appealed from is affirmed.

MR. JUSTICE WOLF, dissenting.

Joaquín Mariño began a suit against Justo Cabrera, and to secure the effectiveness of the judgment attached a piece of property as belonging to the alleged defendant. When the order of attachment was presented to the Registrar of Property he denied the annotation of the same, because the property sought to be attached stood in the name of Celestino López Rivera, a person other than the defendant Cabrera, and instead the registrar noted a caveat for 120 days.

In *González* v. *Registrar*, 38 P.R.R. 765, 767, after a similar refusal we transcribed section 42 of the Mortgage Law and said:

"Under this section a creditor who seeks to set aside a fraudulent conveyance or to make a claim that the property of one person belongs to another has a right to an annotation as defined therein. The annotation settles nothing; it is merely notice to all the world that the creditor is claiming a right."

The registrar in his brief says that he was unaware of the foregoing decision when he refused to make the annotation, but he insists that the present ruling was correct and that the two cases can be distinguished. In the former case the attempt was to attach property in the name of a minor child as if it belonged to the father, but it is implicit in the decision and directly expressed that when there is a debatable controversy over whether property does or does not belong to a defendant, the annotation should be made. In the

present case the appellant asserts and the registrar does not deny, but rather admits, that the property did stand in the name of Justo Cabrera until the 12th of June, 1928, when it was transferred to Celestino López Rivera.

Nevertheless it sufficiently appears that to recover the sum of $546 the property in question was attached by the marshal of the District Court of San Juan as belonging to the defendant and debtor Justo Cabrera. Whether the transfer to Celestino López Rivera is valid or not is exactly the question that was to be decided by the District Court of San Juan. The marshal has actually attached the property and to that extent satisfied himself that the title never in fact passed from the debtor.

Paragraphs 1 and 2 of section 42 of the Mortgage Law provide:

"The following may request the entry of cautionary notices of their respective rights in the proper public registry:

"1.—He who brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any real right.

"2.—He who, in accordance with the law, has obtained in his favor a writ of attachment which has been levied on real property of the debtor."

Considering rights under paragraph 1, I should say that what the creditor necessarily seeks is the extinctio 1 of an apparent right against him which was fraudulently obtained, and considering rights under paragraph 2, it would seem to follow that if the transfer was fraudulent no title arose in the transferee despite the record. (Section 33 of the Mortgage Law.)

The last paragraph of section 389 of the Mortgage Law provides:

"Such an instrument may also be admitted to record when presented for the purpose of securing the annulment and consequent cancellation of a record which prevents the record thereof."

What the appellant is trying to do is to destroy a record

against him by taking the first steps looking thereto, namely, an attachment and a cautionary note of its existence. The transfer he maintains is null and void.

For the registrar to deny the annotation is to decide by anticipation what it behooves the court to decide. Under section 42 of the Mortgage Law the essential question is whether the property does in fact belong to the debtor. I have examined such of the decisions of the Supreme Court of Spain, cited by the registrar, as I was able to find and I find nothing in them that conflicts with the theory of this case. By denying the annotation, if there is a fraudulent transfer, an attaching creditor might lose a right or be put to great difficulties. Except to give notice to the world, the annotation decides nothing, and should have been made.